OPINION
{¶ 1} This is an appeal from a ruling by the Tuscarawas County Court of Common Pleas granting Appellee Westfield Insurance Company's Motion for Summary Judgment and denying Appellants Jeremy Belt and Donald Helsel's motion for summary judgment.
 STATEMENT OF THE FACTS AND CASE {¶ 2} This case arises out of an automobile accident which occurred on August 1, 1994. Appellant Jeremy Belt, then twelve years old, was a passenger in an automobile being operated by Helen Meek which collided with a vehicle driven by Samuel Geneva, an uninsured driver. It is stipulated that the collision was the result of Mr. Geneva's negligence. As a result of the accident, Appellant Jeremy Belt sustained serious injuries.
 {¶ 3} Jeremy Belt and his mother Kathleen Belt sued the tortfeasor, Samuel Geneva in the Tuscarawas County Common Pleas Court and obtained a judgment in the amount of $257,500.00 for compensatory damages and $100,000.00 in punitive damages.
 {¶ 4} At the time of the accident Jeremy Belt's father, Donald Helsel, was an employee of Samara, Inc. dba Cambridge Iron Metal, which was the named insured on a commercial policy of insurance issued by Westfield Insurance Company. The parties have stipulated that the limits of liability and UM/UIM coverage available under the policy is $500,000.00 per occurrence.
 {¶ 5} The "Who is an Insured" language contained in the Westfield policy UM/UIM endorsement is as follows:
 {¶ 6} "1) You
 {¶ 7} "2) If you are individual, any "family member"
 {¶ 8} "3) Anyone else, "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction
 {¶ 9} "4) Anyone else for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".
 {¶ 10} Appellants filed a declaratory judgment action against Westfield Insurance Company asserting that they are entitled to UM/UIM coverage under the Westfield policy issued to Samara, Inc.
 {¶ 11} Prior to the accident, Appellant Jeremy Belt had never lived with his father, Donald Helsel. Appellant Helsel did have visitation rights with his son but said visits were infrequent, with a total of only five or six visits between Jeremy Belt's birth and the date of the accident.
 {¶ 12} On October 18, 2002, the parties filed Joint Stipulations and thereafter Plaintiffs-Appellants and Defendant-Appellee filed cross-motions for summary judgment.
 {¶ 13} On January 6, 2003, the trial court granted Appellee Westfield's motion for summary judgment and denied Plaintiffs-Appellant's motion, dismissing all of plaintiffs' claims.
 {¶ 14} It is from this decision that Appellants now appeal, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 15} "I. The trial court erred when it granted summary judgment to defendant Westfield Uns. Co. and overruled plaintiff Jeremy Belt's motion for summary judgment. Appellant will address Specific aspects of the trial court's order under specific assignments of error."
 {¶ 16} "II. A. The trial court erred when in [sic] ruled that Jeremy Belt was not an insured under the Westfield policy. Jeremy Belt and Donald Helsel are both insured under the westfield policy."
 {¶ 17} "II. A.2. Jeremy Belt is an insured under the defendant's policy. Courts when construing UM/UIM policies have found that children are deemed to be a resident of both parent's household. Jeremy Belt is a family member pursuant to the bright line test initially enunciated inPlessinger vs. Cox (12-31-97) 2nd Dist. Ct. of App., Darke County Case Number 1428, 1429 (App. Ex. M). As a "family member" of Donald Helsel, Jeremy Belt is an insured under clause 2. The trial court erred when it said Jeremy Belt was not an insured under this policy. If the "bright line" test does not apply, the restriction in this policy is unlawful pursuant to R.C. 3937.18(A)."
 {¶ 18} "II. B. It is unlawful for an insurance company to limit UM coverage in such a way that an insured must suffer bodily injury. The trial court erred when it said that the insured Donald Helsel could not recover UM/UIM damages because a collateral source paid the medical bills and because Jeremy Belt visited more often after the accident than before the accident. The trial court also erred when it said that since it found Jeremy Belt was not an insured and therefore could not pursue his claim, that the "Derivative Claim" of Donald Helsel was also eliminated."
 {¶ 19} "III. The Ohio Department of Job Family Services has a lien against the monies that would be owed to the injured parties up to the amount paid by the department. (Stipulation # 4; Ohio Dept. of Job Family Services Letter of 8-8-01 and O.R.C. § 5101.58 (App. Ex. G). The trial court erred when it refused to follow R.C. §5101.58."
 {¶ 20} "IV. The trial court erred when it concluded that Donald Helsel failed to commence a claim against the tortfeasor Samuel Geneva prior to the running of the statute of limitations and therefore is no longer legally entitled to recover. The court also erred when it found that Donald Helsel's alleged timely failure to sue "impaired" Westfield Insured Co.'s rights."
 {¶ 21} "V. The trial court erred when it found that claimed prompt notice provisions of the defendant Westfield Ins. Com's policies eliminated plaintiffs' claims."
 {¶ 22} "V. A. The plaintiffs did not violate the prompt notice provision."
 {¶ 23} "V. B. There is no genuine issue of material fact concerning whether or not a failure of notice caused any prejudice to the defendants. If this court believes there is a material question of prejudice, that issue should be remanded back to the trial court."
 {¶ 24} "VI. The trial court erred when it found provisions of The Westfield Ins. Co. policy eliminated plaintiffs' claims."
 {¶ 25} "VI. A. The plaintiffs have not violated any subrogation or impairment of rights provisions in the defendant's policy."
 {¶ 26} Summary judgment standard of review
 {¶ 27} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36.
 {¶ 28} Civ.R. 56(C) states, in pertinent part:
 {¶ 29} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 30} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v.Burt (1996), 75 Ohio St.3d 280.
 {¶ 31} It is based upon this standard we review appellants' assignments of error.
 I., II.A., II.A.2., II.B. {¶ 32} In each of these assignments of error, Appellants maintain the trial court erred in finding that Appellant Jeremy Belt was not an insured under the Westfield policy of insurance. We disagree.
 {¶ 33} On the authority of the recent Ohio Supreme Court decision in Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849,797 N.E.2d 1256, we find that neither Appellant Donald Helsel nor Appellant Jeremy Belt were insureds under the policy for purposes of UM/UIM coverage.
 {¶ 34} In order for UM/UIM coverage under the corporate insurance policy to apply under the Galatis, supra, the loss sustained by the employee must occur within the employee's course and scope of employment. Such cannot be said for the case sub judice.
 {¶ 35} As Galatis, supra, also overruled Ezawa v. Yasuda Fire Marine Ins. Co. of Am. (1999), 86 Ohio St.3d 557, any UM/UIM coverage which the employee may have been entitled to would not extend to his family members because Donald Helsel was not a named insured under the policy.
 {¶ 36} Appellant's Assignments of Error I, II.A., II.A.2., II.B. are overruled.
 III., IV., V, V.A., V.B., VI., VI.A. {¶ 37} Based on our disposition of the above assignments of error, we find that we do not need to address Appellants' remaining assignments of error.
 {¶ 38} The decision of the Tuscarawas County Court of Common Pleas is affirmed.
Boggins, J., Hoffman, P.J. and Farmer, J. concur.